IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GREG JEFFERS | ) | |
| | ) | |
| v. | ) | NO. 3:13-0065 |
| | ) | |
| METROPOLITAN LIFE INSURANCE | ) | |
| COMPANY, et al. | ) | |

To: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered January 29, 2013 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on all dispositive motions.

Presently pending before the Court is the Plaintiff's Motion to Remand (Docket Entry No. 6), to which the Defendants have filed a response in opposition (Docket Entry No. 7). For the reasons set out below, the Court recommends that the Motion to Remand be denied.

# ANALYSIS

The Plaintiff, a Tennessee resident, filed this pro se action on January 4, 2013, in the Circuit Court for Wilson County, Tennessee. Named as defendants are the Metropolitan Life Insurance Company ("Metlife"), a New York corporation, and the Commonwealth Annuity and Life Insurance

Company ("Commonwealth"), a Massachusetts corporation. On January 28, 2013, the Defendants filed a Notice of Removal of the action to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that diversity jurisdiction exists under 28 U.S.C. § 1332, and the action was removed to this Court. See Docket Entry No. 1. On February 5, 2013, the Plaintiff filed the pending Motion to Remand in which he opposes removal and seeks an order remanding the action. The Plaintiff contends that, pursuant to 28 U.S.C. § 1332(c)(1), the defendant insurance companies should be deemed to be citizens of Tennessee, thus destroying diversity jurisdiction and requiring remand of the action back to the Wilson County Circuit Court.

In their response in opposition, the Defendants assert that the Plaintiff's reading of Section 1332(c)(1) with respect to the citizenship of the Defendants is misplaced. Specifically, the Defendants contend that the language in Section 1332(c)(1) which provides that an insurer is a citizen of the same state as the insured applies only to "direct actions" brought against the insurer which are based upon a "policy or contract of liability insurance." The Defendants contend that the Plaintiff's action seeking benefits from his own insurer under a disability insurance policy does not fall within the scope of the language of Section 1331(c)(1) at issue.

The Plaintiff's motion to remand lacks merit. Section 1332(c)(1) provides that, for the purposes of diversity jurisdiction under that section and for the purposes of removal under Section 1441, a corporation shall be deemed to be a citizen of the State in which it is incorporated and of the State where it has its principal place of business. This is the general rule for determining the citizenship of a corporation for the purposes of diversity jurisdiction. However, an exception is set out in Section 1332(c)(1) which provides that an "insurer" may also be deemed to be a citizen

2

of the same State as the insured "in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant." By its very language, this exception only applies to "direct actions" against an insurer based on liability insurance.

The Plaintiff's lawsuit does not fall within this exception for two threshold reasons. First, the Plaintiff's action is not a direct action because he is an insured suing his own insurer, and direct actions do not involve an insured suing his own insurance company. See Lee-Lipstreu v. Chubb Group of Ins. Cos., 329 F.3d 898, 899-900 (6th Cir. 2003). Second, the Plaintiff seeks the payment of benefits under a disability insurance policy and does not raise a claim related to a liability insurance policy. See Aetna Casualty & Surety Ins. Co. v. Greene, 606 F.2d 123, 126-27 (6th Cir. 1979); Daugherty v. Chubb Group Ins. Co., 823 F.Supp.2d 656 (W.D. KY 2011).

Accordingly, diversity jurisdiction does exist in this action and removal under 28 U.S.C. §§ 1441 and 1446 was appropriate.

## R E C O M M E N D A T I O N[1]

For the reasons set out above, the Court respectfully RECOMMENDS that the Motion to Remand (Docket Entry No. 6) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

---

[1] In accordance with Vogel v. U.S. Office Products Co., 258 F.3d 509 (6th Cir. 2001), the Magistrate Judge has construed the motion to remand as a dispositive motion requiring a Report and Recommendation.

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge