IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GREG JEFFERS )
)
v. ) NO. 3:13-0065
)
METROPOLITAN LIFE INSURANCE )
COMPANY, et al. )

To: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered January 29, 2013 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on all dispositive motions.

Presently pending are the Defendants' motion to dismiss the Plaintiff's claim for punitive damages (Docket Entry No. 17) and the Plaintiff's motion for summary judgment (Docket Entry No. 60). Also before the Court are the parties respective responses, replies, and sur-replies to the motions. See Docket Entry Nos. 31, 63-64, 65, and 71. Set out below are the Court's recommendations for disposition of the motions.

## I. BACKGROUND[1]

The Plaintiff, a Tennessee resident, filed this pro se action on January 4, 2013, in the Circuit Court for Wilson County, Tennessee. Named as defendants are the Metropolitan Life Insurance Company ("Metlife"), a New York corporation, and the Commonwealth Annuity and Life Insurance Company ("Commonwealth"), a Massachusetts corporation. The Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. See Docket Entry No. 1. By Order entered April 8, 2013 (Docket Entry No. 14), the Court adopted a Report and Recommendation (Docket Entry No. 10) and denied the Plaintiff's motion for remand of the action to the state court.

The lawsuit centers around an individual disability insurance policy under which the Plaintiff was the insured and his attempt to obtain benefits in accordance with the Policy. On June 9, 1986, the Plaintiff entered into a Sickness and Accidental Disability Insurance Policy ("the Policy") with SMA Life Assurance Company whereby he made regular premium payments in exchange for the promise of monthly disability benefit payments in the event that he became totally disabled. See Docket Entry No. 60-2. Specifically, the Policy provides that:

> If you suffer total disability, we will pay the monthly benefit for total disability at the rate shown on page 3. Benefits will start after the elimination period. Benefits will be paid so long as total disability continues but not more than the maximum benefit period.

Id. at 5. Under the terms of the Policy, "Totally Disabled" is defined as "injury or sickness makes you unable to engage in your regular occupation and you are not engaged in any other occupation," "Regular Occupation" is defined as "your occupation when disability begins," and the "Elimination Period" is defined as "the number of days at the beginning of each period of disability when you do

---

[1] The facts set out in Section I are summarized from the allegations made by the Plaintiff and from his supporting documents and are not intended as ultimate findings of fact made by the Court.

not receive benefits. It is shown on page 3." Id. The elimination period for the Policy is 90 days. Id. at 2. The Policy further provides that benefits "will be payable only for the period that you are under the regular care of a physician." Id. at 5. At some point after 1986, the Defendants assumed the obligations of the Policy and began accepting the Plaintiff's premium payments.[2]

Since the early 1990s, the Plaintiff earned his living as a licensed and registered securities broker/dealer and, in 1998, began operating his own firm, G.T. Jeffers & Co., LLC ("GTJ"). In 2006, he began suffering nausea, fever, fatigue, breathing difficulty, and gastric distress, for which he obtained various forms of treatment from his personal physician, Dr. Concepcion Martinez, and from other health care providers. He contends that the severity of these health problems increased to the point that he withdrew his various registrations as a securities broker/dealer in late 2009, because he could no longer work in that profession. The plaintiff alleges that his health problems worsened and that, on or about September 16, 2012, he submitted a benefits claim form to the Defendants alleging that he had become totally disabled after contracting Clostridium Difficile Infection ("CDI"), a gastro-intestinal infectious disease, which had rendered him unable to work since January 1, 2010.[3] The Plaintiff had never before made a claim upon the Policy.

During the months following the Plaintiff's submission of his claim, additional documentation was requested by the Defendants and provided by the Plaintiff, who was being assisted by counsel in his attempt to obtain benefits under the Policy. See Docket Entry No. 60-4.

---

[2] At various times after entering into the Policy, policy change endorsements were made, including increasing the monthly benefit, removing a lifetime rider, and providing for a cost of living adjustment. See Docket Entry No. 60-2, at 2 and 13.

[3] Although the Plaintiff filed his formal claim in September 2012, he appears to have notified the Defendants of his claim and requested claims forms during August 2012. See Docket Entry No. 60-6, at 1.

At the time the Plaintiff filed this action on January 4, 2013, the Defendants had not yet either declined the Plaintiff's claim or begun making payments under the Policy even though the 90-day elimination period had expired. However, four days after the lawsuit was filed, in a four page letter, dated January 8, 2013, to the Plaintiff's representative, Mr. Stanley M. Gewanter from Jamie Frederick, a Technical Claims Reference Advisor for Defendant MetLife, Mr. Frederick stated that "[c]urrently, we do not have proofs (sic) to support that Mr. Jeffers has been totally disabled as defined by the policy since January 1, 2010, and therefore we do not find that benefits are payable." See Docket Entry No. 60-6, at 3-4.

In his Complaint, the Plaintiff seeks enforcement of the provisions of the policy and an award of $270,498.00 as the disability benefits he contends he is entitled to for the period of April 2010, to January 2013. See Docket Entry No. 1-1, at 2-3. He also requests punitive damages, and demands a trial by jury. Id. In response to the Complaint, the Defendants filed an Answer (Docket Entry No. 20), as well as a motion (Docket Entry No. 17) to dismiss the Plaintiff's punitive damage claim. Pursuant to deadlines set out in a scheduling order (Docket Entry No. 23) and amended scheduling order (Docket Entry No. 54), a period of time was provided for pretrial discovery and the filing of dispositive motions.[4] Those deadlines have all expired.

---

[4] By contemporaneously entered order, the Court has addressed the Plaintiff's pending motion to compel (Docket Entry No. 59).

II. ANALYSIS

In this action, the parties do not dispute that Tennessee law controls their dispute. See Defendants' Response (Docket Entry No. 63), at 4. Nor do the Defendants dispute that an enforceable insurance contract existed at the time the Plaintiff submitted his claim. Id.

A. The Defendants' Motion to Dismiss the Plaintiff's Punitive Damage Claim

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). The plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-61, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Twombly, supra; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

The Defendants acknowledge that the Complaint sets out a breach of contract claim based upon allegations that the Defendants failed to perform their obligations under the Policy and that,

5

although punitive damages are generally not proper in a breach of contract case, they may be permitted in cases involving fraud, malice, gross negligence, or oppression. However, the Defendants argue that there are no facts alleged in the Complaint supporting a claim that any of these exceptional circumstances existed and argue that the Plaintiff has not stated a claim for which punitive damages can be awarded. See Defendants' Supporting Memorandum (Docket Entry No. 18).

In response, the Plaintiff argues that the Defendants failed to either pay benefits under the Policy or deny his claim upon the expiration of the 90 day elimination period and thus, in the Plaintiff's view, the Defendants had no intention of honoring the terms of the Policy. The Plaintiff further argues that, upon information and belief, the Defendants have "been operating a continuing and ongoing scheme to defraud other disability policy-holders." The Plaintiff contends that his allegations support a claim that the Defendants acted with bad faith, oppression, fraud, and malice. See Plaintiff's Response (Docket Entry No. 31).

The Defendants' motion for dismissal of the claim for punitive damages should be granted, albeit for reasons other than those advanced by the Defendants. In Heil Co. v. Evanston Ins. Co., 690 F.3d 722, 728 (6th Cir. 2012), the Court of Appeals for the Sixth Circuit Court held that the statutory penalty provided by Tenn. Code. Ann. § 56-7-105 for an insurer's bad faith refusal to pay on an insurance policy provides the exclusive extracontractual remedy for a plaintiff suing his insurer and precludes any claim for punitive damages under Tennessee law. 690 F.3d at 728. See also Westfield Ins. Co. v. RLP Partners, LLC, 2013 WL 2383608, *4 (M.D. Tenn. May 30, 2013)

(Sharp, J.). Accordingly, the Plaintiff's claim for punitive damages in this action lacks a legal foundation and must be dismissed.[5]

B. Plaintiff's Motion for Summary Judgment

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

---

[5] Although a bad faith claim may be asserted pursuant to Tenn. Code. Ann. § 56-7-105, the Plaintiff does not assert such a claim in his Complaint. Therefore, the statutory claim is not a part of this action. See Bowery v. Berkshire Life Ins. Co. of Am., 2013 WL 1497339, *8 (E.D. Tenn. Apr. 11, 2013) (no claim was made for the statutory bad faith penalty when the plaintiff's failed to refer to Section 56-7-105 in his complaint and merely requested punitive damages based on an assertion of bad faith by the insurer).

The Plaintiff's motion for summary judgment on his claim should be denied. The Plaintiff has simply not shown that there are no genuine issues of material fact in dispute and that he is entitled to summary judgment as a matter of law.

Initially, the Court notes that, although the Plaintiff sets out in his motion a list of ten "undisputed material facts," see Docket Entry No. 60, at 7-9, he does not properly support his assertion of undisputed material facts with citations to particular portions of the record before the Court as is required by Rule 56(c) of the Federal Rules of Civil Procedure and Rule 56.01(b) of the Local Rules of Court.

Further, the Plaintiff provides only minimal evidentiary support for his motion. The Plaintiff's supporting exhibits consist of a printout from the Center for Disease Control with information about CDI (Docket Entry No. 60-1), a copy of the Policy (Docket Entry No. 60-2), a printout of internet information about CDI (Docket Entry No. 60-3), a copy of an October 1, 2012, letter from Mr. Frederick to the Plaintiff (Docket Entry No. 60-4), an unsworn statement from Glen Iruta, a C.P.A., that was presumably provided to the Defendants as part of the Plaintiff's insurance claim (Docket Entry No. 60-5), a copy of a January 8, 2013, letter from Mr. Frederick to Stanley Gewanter denying the Plaintiff's claim (Docket Entry No. 60-6), and a sworn statement from Stanley Gewanter (Docket Entry No. 60-7). In reply to the Defendants' response in opposition to his motion, the Plaintiff submits additional evidence in the form of an affidavit from Dr. Martinez (Docket Entry No. 65-1), a copy of the Policy (Docket Entry No. 65-2), and two affidavits from Mr. Iruta (Docket Entry Nos. 65-3 and 65-4).

In response to the Plaintiff's filings, the Defendants argue that the evidence in the record is conflicting and raises factual issues as to whether the Plaintiff has been diagnosed by a medical

8

professional as suffering from CDI and, if so, when that diagnosis occurred. Se Docket Entry No. 63, at 5-7, and Docket Entry No. 66-1, at 2-4. They also contend that there is a genuine dispute as to whether the Plaintiff is unable to engage in his regular occupation or is engaged in another occupation. See Docket Entry No. 66-1, at 7-10, and Docket Entry No. 66-1, at 4.

Benefits under the Policy are due the Plaintiff only if he is totally disabled because injury or sickness makes him unable to engage in his regular occupation and he is not engaged in any other occupation. However, there is a dearth of evidence in the record upon the critical issue of whether sickness or injury rendered the Plaintiff unable to engage in his regular occupation. The only evidence from the Plaintiff that even remotely touches upon this factual issue is the affidavit of Dr. Martinez (Docket Entry No. 65-1). However, this affidavit provides evidence only of her treatment of the Plaintiff and the symptoms the Plaintiff suffered because of CDI infection. Her affidavit fails to provide any evidence showing how these symptoms prevented the Plaintiff from substantially carrying out his regular occupation in the usual and customary manner. Indeed, the Plaintiff has not entered into the record any evidence of the actual duties of his regular occupation or any evidence of how his alleged suffering from CDI rendered him unable to engage in these duties.

When a contract of insurance indemnifies the policy holder against total disability from performing his occupation or profession, his right of recovery depends upon the nature of the duties called for and the extent of the injury which disables him from substantially carrying on his work in the usual and customary manner. See Employers Liab. Assur. Corp. v. Farquharson, 182 Tenn. 642, 655, 188 S.W.2d 965, 970 (Tenn. 1945). The existence and extent of the claimed disability and the effect of the disability on a plaintiff's ability to engage in his regular occupation are ordinarily

9

questions for the jury.  Id.  See also Bowery v. Berkshire Life Ins. Co. of Am., 2013 WL 1497339. *7 (E.D. Tenn. Apr. 11, 2013) (defendant insurer was not entitled to summary judgment because material issues of fact exist concerning whether plaintiff who claimed to be totally disabled was able to perform any of the major duties of his occupation); Hellman v. Union Cent. Life Ins. Co., 175 F. Supp. 2d 1044, 1047, 1049-50 (M.D. Tenn. 2001); Mutual Life Ins. Co. of N.Y. v. McDonald, 150 S.W.2d 715, 718 (Tenn.Ct.App. 1941).

A basic principle of insurance law is that the insured has the burden of demonstrating that a covered loss has occurred.  Massachusetts Mut. Life Ins. Co. v. Jefferson, 104 S.W.3d 13, 22 (Tenn. Ct. App. 2002).  Based upon the evidence that is before the Court, the Court cannot find that the only reasonable interpretation of the evidence is one favoring the Plaintiff.  Accordingly, summary judgment is not warranted in favor of the Plaintiff.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that:

1) the Defendants' motion to dismiss the Plaintiff's claim for punitive damages (Docket Entry No. 17) be GRANTED and the Plaintiff's claim for punitive damages be DISMISSED from the action; and

2) the Plaintiff's motion for summary judgment (Docket Entry No. 60) be DENIED and this action be set for a trial by jury no earlier than April 15, 2014.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              _____
                                              JULIET GRIFFIN
                                              United States Magistrate Judge